# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM MURRAY, | : | CIVIL NO: 3:19-CV-02009 |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| SCRANTON POLICE DEPARTMENT, | : | |
| Defendant. | : | |

# ORDER
March 24, 2020

## I. Introduction.

This case comes before the Court for a statutorily mandated screening review of the complaint. The plaintiff, William Murray ("Murray"), commenced this civil rights action raising false arrest. In accordance with 28 U.S.C. § 1915(e)(2), we have reviewed the complaint, and we conclude that the complaint fails to state a claim upon which relief can be granted.

## II. Factual Background and Procedural History.

Murray, proceeding *pro se* and *in forma pauperis*, commenced this 42 U.S.C. § 1983 case by filing a complaint. *Doc. 1*. In his complaint, Murray names one

defendant—The Scranton Police Department.[1] *Id.* Based on the affidavit of probable cause Murray attached to the complaint, police arrested and charged Murray with disorderly conduct, harassment, aggravated assault, and simple assault. *Id.* at 7, 8. The affidavit of probable cause, states in full:

> On July 21, 2018 at approximately 1811 hours, Officer's [sic] responded to the area of 1175 Kane Street for the report of a white male, wearing a gray shirt, cargo style pants and hat, firing a rifle at a dumpster in the rear of the Econo Lodge parking lot.
>
> Upon arrival, Officer's [sic] located a male, returning to the vehicle that had been reported to be his. The male, William Murray, was taken into custody and admitted to being in the parking lot firing a pellet rifle that was just purchased at the dumpster. The rifle along with pellets were located in Murray's room.
>
> Officer's [sic] then spoke with the victim, who advised that he had been walking his dog and walked into the parking lot where Murray was firing the pellet rifle, the victim advised that Murray then turned and aimed the rifle at him and then followed him into the hotel, before returning to his room on the second floor. The victim indicated that he was in fear for his life as Murray aimed the rifle at him.

*Doc. 1* at 5.

Murray alleges that he gave consent for officers to retrieve the rifle and pellets from his room, and that he admitted to test firing the rifle out at the dumpster. *Id.* at 2. According to Murray, the police arrested him solely on hearsay evidence and did not

---

[1] Although the complaint references the alleged actions of various police officers of the Scranton Police Department, none of these officers are identified by Murray in the complaint, and only one is identified by the attached affidavit of probable cause.

obtain surveillance footage, talk to a witness, or question him about the incident. *Id.* Murray claims that the assault charges filed against him are on his "permanent record and background check," and such charges can "impair chance of advancement, training, and employment." *Id.* Thus, Murray seeks $75,000 in punitive damages for false arrest. *Id.*

**III. Discussion.**

**A. Screening of *In Forma Pauperis* Complaints—Standard of Review.**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. Specifically, we are obliged to the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious
> (ii) fails to state a claim upon which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure,

3

which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

In deciding whether to dismiss a complaint for failure to state a claim upon which relief can be granted, a federal court "must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the

nonmoving party." *Krieger v. Bank of America*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. County of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint, [however], is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. In practice, this leads to a three-part standard:

> To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must: 'First, take note of the elements a plaintiff must plead to state a claim. Second, identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (internal quotation marks and alterations omitted) (quoting *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

Complaints brought *pro se* are afforded more leeway than those drafted by attorneys. In determining whether to dismiss a complaint brought by a *pro se* litigant, a federal district court is "required to interpret the *pro se* complaint liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Nevertheless, "*pro se*

5

litigants still must allege sufficient facts in their complaints to support a claim."

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**B. The Scranton Police Department is Not a Proper Party in a 42 U.S.C. § 1983 Action.**

At the outset, we note that the Scranton Police Department is not a "person" for purposes of § 1983. It is well-settled that "[s]ection 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court held that local governments are "persons" and are subject to suit under §1983. Following *Monell*, courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*,

834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.* Similarly, judges within this district have concluded that a police department, such as the defendant here, is merely a subunit of the local government and is not, itself, amenable to suit under § 1983. *See e.g. Terrell v. City of Harrisburg Police Dept.,* 549 F.Supp.2d 671, 686 (M.D.Pa. 2008)(Conner, J.) ("It is well-settled that police departments operated by municipalities are not "persons" amenable to suit under § 1983."); *Holland v. Pocono Regional Police* Department, 3:13-CV-1406, 2013 WL 3973080, at *13 (M.D.Pa. July 31, 2013)(Carlson, M.J.) (report and recommendation citing cases holding that a police department is not a "person" for purposes of § 1983 and, therefore, is not a proper defendant in a § 1983 action), *report and recommendation adopted*, 2013 WL 3973080 at *1 (Mariani, J.); *Golya v. Golya* No. 3:05-CV-0100, 2007 WL 2301085, at *9 (M.D. Pa. Aug. 9, 2007)(Vanaskie, J.). Further, although we are not aware of a precedential opinion by the Third Circuit on this point, in a non-precedential opinion, the Third Circuit reached the same conclusion. *See Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n. 3 (3d Cir. 2005)(per curiam). Following this authority, the Scranton Police Department is not a proper defendant in this action.

To the extent that Murray intended to name the City of Scranton itself as a defendant, the complaint nevertheless fails to state a claim upon which relief may be granted. A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell,* 436 U.S. at 691. To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir. 2000). This custom must be so "widespread as to have the force of law." *Bd. Of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). A plaintiff must further "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." *Grayson v. Mayview Stat Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Brown*, 520 U.S. at 404).

Murray failed to allege any facts from which it can reasonably be inferred that a policy or custom resulted in a violation of his constitutional rights. Thus, the complaint fails to state a claim upon which relief may be granted.

### C. If Murray's Criminal Prosecution is Pending We Should Abstain from Interfering Pursuant to the *Younger* Abstention Doctrine.

Murray does not mention the status of the underlying charges.[2] Knowing the status of the underlying charges is necessary for analyzing the complaint, because if prosecution is still pending against Murray for charges resulting from the arrest of which he is complaining, he seemingly invites us to enjoin a pending state case. To the extent Murray is seeking interference with a pending state case, Murray's pleading runs afoul of the *Younger* abstention doctrine.

Under the *Younger* abstention doctrine, "[a] federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would often offend principles of comity by interfering with an ongoing state proceeding." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971). "*Younger* applies to only three exceptional categories of proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in the furtherance of the state courts ability to perform their judicial functions." *Malhan*

---

[2] We attempted to determine the status of Murray's prosecution by utilizing the website of the Unified Judicial System of Pennsylvania ("UJS"). We used information from the affidavit of probable cause attached to Murray's complaint to look up docket information on UJS, and UJS had no criminal case information whatsoever involving Murray.

*v. Sec'y United States Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019). Discretion to abstain under *Younger* can be exercised when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id.*

Murray does not mention the status of the underlying charges. Thus, Murray's complaint should be dismissed because we are without well-pleaded facts to make a determination as to whether the *Younger* abstention doctrine should apply.

**D. Murray Does Not State a False Arrest Claim Under § 1983 Upon Which Relief Can be Granted.**

In any event, the complaint fails to state a false arrest claim upon which relief can be granted, because Murray does not plead sufficient facts to show officers lacked probable cause. The Fourth Amendment states, in pertinent part, that "[t]he right of the people to be secure in their persons … against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause…." U.S. CONST. Amend. IV. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "The probable-cause standard is

incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995). An "officer may draw inferences based on his own experience in deciding whether probable cause exists." *Ornelas v. United States*, 517 U.S. 690, 700 (1996). Moreover, "'it is well settled that an arrest may be made upon hearsay evidence; and indeed, the 'reasonable cause' necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial.'" *Draper v. U.S.*, 358 U.S. 307, 332 n. 4 (1959) (quoting *U.S. v. Heitner*, 149 F.2d 105, 106 (2d Cir. 1945)); *U.S. v. Guller*, 101 F. Supp. 176, 179 (E.D. Pa. 1951).

According to Murray, his arrest was premised solely on hearsay evidence. *Doc. 1* at 2. Despite this claim, Murray alleges that police did not speak to him or a witness and did not obtain video surveillance. *Id*. Murray also alleges facts that show police did speak to him and did obtain physical evidence. *Id*. at 2. Specifically, Murray claims he told officers that he was in fact test firing his rifle out at the dumpster behind the Econo Lodge, and that officers seized the rifle and

11

pellets from his room. *Id.* Assuming *arguendo* that probable cause for Murray's arrest was based solely on hearsay evidence, hearsay evidence may be the basis for an arrest. *See Draper*, 358 U.S. at 332 n. 4. Thus, dismissal is also warranted because Murray fails to state a claim pursuant to § 1983.

**E. Murray's Complaint Should be Dismissed with Leave to Amend.**

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). In light of the liberal-amendment requirement, although this screening merits analysis calls for dismissal of the 42 U.S.C. § 1983 claim, Murray should be granted another, final opportunity to state a 42 U.S.C. § 1983 claim by endeavoring to promptly file an amended complaint. Thus, the 42 U.S.C. § 1983 claim against the Scranton Police Department should be dismissed, but the dismissal should be without prejudice to Murray filing an amended complaint.

**IV. Order.**

For the Foregoing reasons, **IT IS ORDERED** that Murray shall file an amended complaint on or before **April 24, 2020**.[3]

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge

---

[3] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.