UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MURRAY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-2009 |
| v. | : | (MANNION, D.J.) |
| SCRANTON POLICE DEPARTMENT, | : | |
| Defendant | : | |

## ORDER

Presently before the court is the Report and Recommendation ("Report") of Magistrate Judge Susan E. Schwab. (Doc. 7). In it, Judge Schwab, having granted the plaintiff William Murray's ("Murray") motion to proceed *in forma pauperis*, conducted a preliminary review of the *pro se* Amended Complaint pursuant to 28 U.S.C. §1915A. Judge Schwab ultimately recommends the dismissal of Murray's Amended Complaint, (Doc. 6), without leave to amend. No objections to the Report have been filed.

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d

Cir.1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

In her Report, Judge Schwab observes that the sole defendant Murray has named, the Scranton Police Department, as a sub-unit of the local government, is not a proper defendant since it is not a "person" for purposes of a Section 1983 claim such as the false arrest claim Murray brings here. *See Terrell v. City of Harrisburg Police Dept.*, 549 F.Supp.2d 671, 686 (M.D.Pa.2008). Even assuming that Murray was attempting to name the City of Scranton as the defendant, however, Judge Schwab concludes that Murray has failed to state a claim because he has alleged only that certain police officers failed to adequately investigate an incident—not that the violation of his rights was caused by a policy or custom of the City.

Additionally, Judge Schwab notes that, although he does not indicate whether the underlying charges against him that stemmed from the incident remain pending, to the extent that Murray is asking this court to interfere with a state case, his pleading runs afoul of the *Younger* abstention doctrine.

Finally, even if Murray had named the proper defendant(s), Judge Schwab concludes that he has failed to state a false arrest claim because he has not pleaded sufficient facts to show that the officers lacked probable cause for his arrest.

Ultimately, Judge Schwab recommends that the Amended Complaint be dismissed without further leave to amend on the basis of futility. After Murray filed his original Complaint, (Doc. 1), Judge Schwab issued an order directing Murray to file an amended complaint, (Doc. 5). Here, Judge Schwab notes that, despite having filed an amended complaint, Murray's pleading contains the very same deficiencies noted in the original Complaint—*i.e.*, it fails to state a claim upon which relief can be granted or to name a proper defendant.

Having conducted a thorough review of all pertinent filings, the court finds the Report of Judge Schwab to be well-reasoned and well-supported. As such, the court will adopt the Report in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Judge Schwab's Report, (Doc. 7), is **ADOPTED IN ITS ENTIRETY**;

**(2)** Murray's Amended Complaint, (Doc. 6), is **DISMISSED WITH PREJUDICE**; and

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 15, 2020**
19-2009-01